BRYAN CAVE LLP
Michelle McMahon (MM-8130)
1290 Avenue of the Americas
New York, New York  10104
Tel: (212) 541-2000
michelle.mcmahon@bryancave.com

Keith Miles Aurzada, Esq.
*Admited Pro Hac Vice*
JP Morgan Chase Tower, Suite 3300
2200 Ross Avenue
Dallas, TX 75201
Tel:  (214) 721-8000
keith.aurzada@bryancave.com

*Counsel for Wells Fargo Bank, N.A. as Trustee for the Registered Holders of LaSalle Commercial Mortgage Securities Inc., Commercial Mortgage Pass-Through Certificates, Series 2005-MF1, acting by and through its Special Servicer, Capmark Finance, Inc.*


UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- x

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
|  | : | Case No. 1-09-46767 (DEM) |
| **CROWN OHIO INVESTMENTS, LLC** | : |  |
|  | : |  |
|  | : |  |
| Debtor. | : |  |

---------------------------------------------------------------x


### AFFIRMATION OF KEITH MILES AURZADA IN SUPPORT OF THE PROPOSED ORDER TO SHORTEN THE NOTICE PERIOD WITH RESPECT TO THE REQUEST FOR DOCUMENT PRODUCTION BY THAT CERTAIN <u>TRUST</u>

I, Keith Miles Aurzada, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.      I am an attorney admitted to practice *pro hac vice* before the Bankruptcy

Court and a member of Bryan Cave LLP, attorneys for Wells Fargo Bank, N.A., as

Trustee (the "Trustee")[1] for the Registered Holders of LaSalle Commercial Mortgage

Securities Inc., Commercial Mortgage Pass-Through Certificates, Series 2005-MF1 (the

"Trust"), acting by and through its Special Servicer, Capmark Finance, Inc. ("Capmark").

2.    I submit this Declaration in support of the Trust's proposed order (the

"Proposed Order to Shorten Time"), attached hereto as Exhibit A,  to shorten the notice

period and fix the date and time for an expedited response to the *Request for Document*

*Production by that Certain Trust* (the "Document Request").

3.    All statements contained herein are based on personal knowledge or made

upon information and belief.

## THE NEED FOR SHORTENED NOTICE WITH RESPECT TO THE DOCUMENT REQUEST

4.     In the Proposed Order to Shorten Time, the Trust proposes that the Court

shorten the notice period with respect to the Document Request.  The Trust submits that

expedited consideration of the Document Request is necessary and cause exists to shorten

the notice period with respect to the Document Request.  If approved, the Document

Request will direct the Debtor to produce: (i) copies of all operating statements, rent rolls,

cash flow projections, balance sheets, statements of income, expenses and taxes or other

documents or communications revealing the operating position of the Debtor's business

beginning one year prior to the Petition Date through the date of this request; (ii) any and

all documents or communications concerning or relating to the appraisal of or the value

of the Debtor's property located at 17500 Euclid Avenue, Cleveland, Ohio 44112; (iii)

any and all documents concerning any communication to or from the Debtor referring or

---

[1] Terms which are not otherwise defined in the Motion of that Certain Trust to Lift the Automatic Stay [Docket No. 15].

NY02DOCS\1556378.1

relating to the Debtor's efforts to restructure or refinance outstanding debt, develop a chapter 11 plan of reorganization or raise equity; (iv) copies of the Debtor's tax returns for the years 2006, 2007 and 2008; (v) all rent rolls since January 1, 2008; and (vi) all code compliance or administrative actions by the city, county, local or state governmental agencies concerning the Property.

5.     In the Debtor's Objection to Motion for Relief from the Automatic Stay (the "Objection"), the Debtor alleged that the proof the Trust provided as to the value of the Property was inadequate because the Trust has not submitted a formal appraisal.  In response, the Trust commissioned a formal appraisal of the Property, but has been unable to complete the appraisal due to the Debtor's lack of cooperation and production of documents.

6.     The Debtor has repeatedly denied the Trust's appraiser permission to enter the Property to complete the inspection necessary for a formal appraisal.  At the Status Conference on October 20, 2009, the Trust requested the Court to direct the Debtor to permit the Trust's appraiser to enter the Property by October 23, 2009.  The Court directed the Debtor to grant such access and generally cooperate with the Trust's appraiser.

7.     Although the appraiser was given access to the Property on November 3, 2009, the Debtor continues to withhold information regarding the financial status of the Property, including historical operating statements and year-to-date statements, which are essential to the completion of the appraisal.

NY02DOCS\1556378.1

8.      The hearing on the Motion to Lift the Automatic Stay is set for November 24, 2009.  The Trust needs the rent roll information and budget projections on an expedited basis in order to complete its appraisal and otherwise prepare for the hearing.

9.      In addition, the Trust requests that the Debtor provide information regarding the Debtor's efforts to reorganize.  In its Objection, the Debtor alleges that it "has a reasonable prospect of resurrecting its cash flow to the point where it can better address the mortgage debt."  ¶ 29.  The Debtor has not provided the Trust information demonstrating its attempts to raise cash nor restructure its debt.

10.      It is the debtor's burden to establish that the property is "necessary to an effective reorganization." 11 U.S.C. §§362(d)(2)(B), 362(g).  "What this requires is not merely a showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization that is in prospect." *United Sav. Ass'n of Texas*, 484 U.S. at 375-76.  In order for the Trust to evaluate the Debtor's efforts to reorganize before the hearing, it must have information demonstrating the Debtor's ability to reorganize and the progress it is making on an expedited basis.

11.      For the foregoing reasons, the Trust requests that this Court shorten the notice period with respect to the Document Request, and set the date for a response to the Document Request for November 18, 2009.

Dated: New York, New York

      November 11, 2009

                                        BRYAN CAVE LLP


                                        By_____ /s/ Michelle McMahon
                                        Michelle McMahon (MM-8130)
                                        1290 Avenue of the Americas
                                        New York, New York  10104
                                        Tel:  (212) 541-2000
                                        michelle.mcmahon@bryancave.com


                                        Keith Miles Aurzada, Esq.
                                        *Admitted Pro Hac Vice*
                                        JP Morgan Chase Tower, Suite 3300
                                        2200 Ross Avenue
                                        Dallas, TX 75201
                                        Tel:  (214) 721-8000
                                        keith.aurzada@bryancave.com

NY02DOCS\1556378.1