**BRYAN CAVE LLP**
Michelle McMahon (MM-8130)  **Hearing Date: December 22, 2009 at 10:00 a.m**
1290 Avenue of the Americas  **Objection Deadline: December 17, 2009 at 12:00 p.m.**
New York, New York  10104
Tel: (212) 541-2000
michelle.mcmahon@bryancave.com

Keith Miles Aurzada, Esq.
*Admitted Pro Hac Vice*
JP Morgan Chase Tower, Suite 3300
2200 Ross Avenue
Dallas, TX 75201
Tel:  (214) 721-8000
keith.aurzada@bryancave.com

*Counsel for Wells Fargo Bank, N.A. as Trustee for the Registered Holders of LaSalle Commercial Mortgage Securities Inc., Commercial Mortgage Pass-Through Certificates, Series 2005-MF1, acting by and through its Special Servicer, Capmark Finance, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
                                                             :   Chapter 11
**In re:**                                                   :
                                                             :   Case No. 1-09-46767 (DEM)
**CROWN OHIO INVESTMENTS, LLC**                              :
                                                             :
                                                             :
         **Debtor.**                                         :
-------------------------------------------------------------x

**SUPPLEMENTAL MOTION**
**OF THAT CERTAIN TRUST PURSUANT TO 11 U.S.C.**
**§ 362(d), (e), and (g) FOR RELIEF FROM THE AUTOMATIC STAY**

Wells Fargo Bank, N.A., as Trustee (the "Trustee") [1] for the Registered Holders of

LaSalle Commercial Mortgage Securities Inc., Commercial Mortgage Pass-Through Certificates,

Series 2005-MF1 (the "Trust"), acting by and through its Special Servicer, Capmark Finance,

Inc. ("Capmark"), by and through its undersigned counsel, hereby submits this supplement (the

---

[1] Terms which are not otherwise defined in this Supplemental Motion shall have the meanings ascribed to them in Loan Documents (as defined below).

"Supplemental Motion") to the Motion Of That Certain Trust Pursuant To 11 U.S.C. § 362(d)(1) and (2), (e), and (g) For Relief From The Automatic Stay (the "Motion"), asserting an additional basis for relief from the automatic stay to permit the Trust to exercise its remedies against its collateral, pursuant to 11 U.S.C. § 362(d)(3).  In support of its Supplemental Motion, the Trust states as follows:

## PRELIMINARY STATEMENT

In addition to the arguments set forth in the Motion, the Trust is now entitled to relief from the automatic stay pursuant to section 362(d)(3) because the Debtor, an admitted single asset real estate debtor, has not within the first 90 days of its case either filed a plan of reorganization or commenced monthly payments to the Trust in an amount equal to the monthly non-default contract rate of interest on the Loan.

## JURISDICTION, VENUE AND STATUTORY PREDICATE

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334.

2. This Motion is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) & (G). Venue is proper pursuant to 28 U.S.C. § 1409.

3. The statutory predicates for the relief sought herein are sections 101(51B), 362(d)(1), (d)(2), (e) and (g) of the Bankruptcy Code.

4. The statutory predicates for the relief sought herein are sections 101(51B), 362(d)(1), (d)(2), (e) and (g) of the Bankruptcy Code.

## FACTUAL BACKGROUND

5. The Trust incorporates the factual allegations set forth in the Motion as if fully set forth herein, and all capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

## SUPPLEMENTAL ARGUMENT

6.  Section 362(d)(3) provides

with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90-day period) or 30 days after the court determines that the debtor is subject to this paragraph, whichever is later—

(A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or

(B) the debtor has commenced monthly payments that—

(i) may, in the debtor's sole discretion, notwithstanding section 363 (c)(2), be made from rents or other income generated before, on, or after the date of the commencement of the case by or from the property to each creditor whose claim is secured by such real estate (other than a claim secured by a judgment lien or by an unmatured statutory lien); and

(ii) are in an amount equal to interest at the then applicable nondefault contract rate of interest on the value of the creditor's interest in the real estate . . . .

11 U.S.C. §362(d).  Relief from the automatic stay should be granted because the Debtor, an admitted single asset real estate debtor, has neither filed a feasible plan nor commenced monthly interest payments within the period required by section 362(d)(3) of the Bankruptcy Code.

7.  In its voluntary chapter 11 petition filed with this Court (the "Petition"), the Debtor admitted that the nature of its business is "single asset real estate as defined in 11 U.S.C. § 101(51B)." *See* Petition, Docket no. 1.  Section 101(51B) of the Bankruptcy Code defines single asset real estate as: "real property constituting a single property or project, other than residential real property . . . which generates substantially all of the gross income of a debtor . . . and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental." 11 U.S.C. § 101(51B).

3

8.  In addition to its admission, the Debtor satisfies each of the criteria necessary to qualify as a single asset real estate debtor.  First, the Property is a single parcel of non-residential real property.  The Debtor's interest in the Property is the sole asset held by the Debtor.  Voluntary Petition, P. 1;  Debtor's Opposition to the Motion for Relief from the Automatic Stay, (the "Objection") ¶ 27.  Second, the Property is intended to generate substantially all of the income of the Debtor.  Finally, the Debtor is not involved in any business other than its ownership of the Property.  The Debtor exists solely for the purposes of acquiring the Property and leasing it for profit.  *See In re Club Golf Partners, L.P.*, Case No. 07-40096 (Bankr. E.D. Tex., Feb. 15, 2007) (finding that passive types of activities such as the mere receipt of rent and incidental activities such as arranging for maintenance or marketing characterized single asset real estate);  *In re Scotia Development LLC*, 2007 WL 2717130 (Bankr. S.D. Tex. 2007) *aff'd* 508 F.3d 214 (5th Cir. 2007) (holding that the debtor was not a single asset real estate debtor because the debtor was not a mere passive investor in the property but used the property to conduct substantial business activities).

9.  Prompt resolution of a debtor's case is the principal objective of the single asset real estate provisions of the Bankruptcy Code.  *In re The McGreals*, 201 B.R. 736, 741 (Bankr. E.D. Pa. 1996) ("[t]he primary purpose of the amendments was to place single asset real estate cases, a distinct species of bankruptcy cases, on an expedited procedural track").[2]  Thus, relief from the stay must be granted in single asset real estate cases within 90 days after the petition date unless (i) the court extends this period or (ii) the debtor files a reorganization plan that has a

---

[2] "In enacting the statute, Congress was apparently concerned about the delay in the bankruptcy process and the resulting unfairness to secured lenders when single asset real estate projects were involved. . . .  In enacting the amendments relative to single asset real estate cases, Congress has provided for extraordinary expedition.  Congress was motivated by a desire to afford relief in situations where (1) the owner of an encumbered building is attempting to avoid the loss of the building to a grossly undersecured lender and (2) there is no real hope that a viable and confirmable plan can be produced." *In re LDN Corporation*, 191 B.R. 320, 326-327 (Bankr. E.D. Va 1996).

reasonable possibility of being confirmed within a reasonable time, or has commenced monthly payments to the secured lender. 11 U.S.C. § 362(d)(3); *see also In re Heather Apartments Limited Partnership*, 366 B.R. 45, 51 (Bankr. D. Minn. 2007) (holding that 362(d)(3) creates a statutory matrix "in which a grant of relief from stay in favor of a mortgagee against single-asset real estate is presumptive" unless the debtor provides "in hand realization of cash by the creditor, during the pendency of the case"). The Debtor's case is not progressing toward a prompt resolution. The Debtor has not sought any substantive relief from this Court that would advance its reorganization. Moreover, in addition to failing to satisfy the requirements of Section 362(d)(3), the Debtor continues to use cash collateral without the consent of the Trust or authorization of this Court.

10.    The Debtor has not sought to extend the 90 day period, which expired on November 5, 2009. "Bankruptcy Rule 9006(b) is a rule governing the enlargement of time periods prescribed in other Bankruptcy Rules or court orders. Bankruptcy Rule 9006(b) refers to deadlines set by "these rules or by a notice given thereunder or by order of the court." It does not refer to enlarging time periods prescribed by statute." *In re Federated Food Courts, Inc.,* 222 B.R. 396, 398 (Bankr. N.D. Ga. 1998); *In re 652 West 160th LLC.*, 330 B.R. 455, 465 (granting creditor's motion to lift the automatic stay where, among other things, a single asset real estate debtor filed its proposed plan well after the deadline).

11.    Nor, has the Debtor filed a plan of reorganization or commenced monthly interest payments to the Trust. The amount of the monthly payment due to the Trust at the non-default contact rate is approximately $9,474.95.

12.    Moreover, even if this Court were to consider retroactively extending the Debtors' 90 day period, granting the Debtor additional time to satisfy these obligations would

5

not change the outcome. As set forth in detail in the Motion, the Debtor cannot file a plan with a reasonable chance of confirmation. Motion, ¶¶ 32-37. Section 362(d)(3)(A) requires that the debtor demonstrate that it has a "feasible plan of reorganization." *In re Crosswinds Assoc.*, 1996 WL 350695, 1-2 (S.D.N.Y. 1996) (holding that substantial disrepair in the property, the debtor's inability to pay for repairs and maintenance on the property, and the debtor's inability to raise capital in a timely fashion supported the conclusion that there was no feasible plan and therefore the debtor could not use section 362(d)(3)(A) to avoid lifting the automatic stay).

13. For these same reasons, the Debtor also has no ability to commence monthly payments to the Trust as contemplated by Section 362(d)(3)(B). Even under the Debtor's revised budget, the Property does not generate funds sufficient to pay property level expenses and non-default interest of aproximately $9,474.95 per month.

14. The Debtor has failed to comply with the provisions of section 362(d)(3) on all accounts. The 90 day period for filing a plan expired on November 5, 2009, and no order extending this period was sought or issued. The Debtor has not and cannot file a plan reasonably capable of confirmation or commence monthly payments to the Trust. Accordingly, the Court should order the automatic stay terminated with respect to the Trust.

WHEREFORE, for all the foregoing reasons, the Trust respectfully requests that the Court grant the Trust relief from the automatic stay to exercise its rights with respect to its Collateral and grant such other relief as is appropriate.

November 24, 2009

                    **BRYAN CAVE LLP**

                    By  /s/ Michelle McMahon
                    Michelle McMahon (MM-8130)
                    1290 Avenue of the Americas
                    New York, New York  10104
                    Tel:  (212) 541-2000
                    michelle.mcmahon@bryancave.com

                    Keith Miles Aurzada, Esq.
                    *Admitted Pro Hac Vice*
                    JP Morgan Chase Tower, Suite 3300
                    2200 Ross Avenue
                    Dallas, TX 75201
                    Tel:  (214) 721-8000
                    keith.aurzada@bryancave.com