J. Ted Donovan, Esq.
GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP
Attorneys for the Debtor
1501 Broadway, 21st Floor
New York, New York 10036
(212) 221-5700

UNITED STATES BANKRUPTCY COURT       Return Date: December 22, 2009
EASTERN DISTRICT OF NEW YORK                       10:00 A.M.
-----------------------------------------------------------x
In re:                                                              Chapter 11

CROWN OHIO INVESTMENTS LLC,           Case No. 109-46767-DEM

                                    Debtor.
-----------------------------------------------------------x

### DEBTOR'S OPPOSITION TO SUPPLEMENTAL MOTION FOR RELIEF FROM THE AUTOMATIC STAY

**TO THE HONORABLE DENNIS E. MILTON,**
**UNITED STATES BANKRUPTCY JUDGE:**

        Crown Ohio Investments LLC (the "Debtor") as and for its Opposition to the supplemental motion of Wells Fargo Bank, N.A. as Trustee ("Well Fargo") seeking relief from the automatic stay, represents and shows this Court as follows:

        1.      Wells Fargo has moved to supplement its earlier motion to lift the automatic stay to include a claim under Section 362(d)(3) of the Bankruptcy Code alleging that the Debtor failed to commence interest payments, or to file a plan, within 90 days after filing the Chapter 11 petition as required under that Section.

        2.      In fact, Wells Fargo has been more than adequately protected from the outset of this case.

3. As calculated in its supplemental papers, Wells Fargo is entitled to $9,474.95 per month under Section 362(d)(3), representing interest at the non-default contract rate on the outstanding balance of the loan. In fact, Wells Fargo has caused and precipitated the situation of alleged non-payment because it has refused to utilize funds specifically set aside as an interest reserve to pay debt- service. Specifically, when the loan was initiated, an interest reserve was created, which had a pre-petition balance of $71,223.91. This reserve was created from loan proceeds on which the Debtor is already being charged interest, and, therefore remains available to pay debt service so that the Debtor can satisfy the requirements of Section 362(d)(3)(B). The existence of the interest reserve is confirmed by the attached statement, annexed hereto as Exhibit "A", which shows a balance of $71,223.91 as of March 16, 2009.

4. Moreover, the Debtor has tendered various budgets and made several different proposals to Wells Fargo for use of cash collateral, adequate protection and a final disposition of the mortgage arrears. For reasons which are unclear, Wells Fargo has delayed a final response to the Debtor on a myriad of proposals which has stymied the Debtor's ability to formulate a plan.

5. In the meantime, the Debtor has accumulated over $25,000, as set forth in its most recent operating report, most of which has been used to maintain and preserve Wells Fargo's collateral.

6. Importantly, section 362(d)(3) was never intended to be a death sentence for single asset real estate debtors. As noted in Collier's, the purpose of this section is to:

address perceived abuses in single asset real estate cases, in which debtors have attempted to delay mortgage foreclosures even when there is little chance that they can reorganize successfully.

3 Collier on Bankruptcy, ¶ 362.07[5][b] (15th ed. Revised 2006).

7. In fact, the legislative history to the 1994 amendments that added this section to the Code states that its purpose is

> to provide special circumstances under which creditors of a single asset real estate debtor **may** have the stay lifted if the debtor has not filed a 'feasible' reorganization plan with 90 days of filing, or has not commenced monthly payments to secured creditors. (emphasis added).

H.R.Rep. 103-835, 103 Cong.2d Sess., p.50, 1994 U.S.Code Cong. & Ad.News, p. 3340, 3359.

8. As set forth at length in the Debtor's opposition papers to the original motion to lift the stay, this Debtor has prospects for a successful reorganization, both by virtue of the fact that it is continuing to increase its revenue by increasing the number of tenants. Thus, the existence of the interest reserve, taken together with the possibility of a plan demonstrates that this Debtor is not abusing Chapter 11, and that Wells Fargo has means to be adequately protected as required by the Code. Therefore, any violation of Section 362(d)(3) by this Debtor should be deemed a technical breach precipitated by Wells Fargo itself, and not as grounds to vacate the automatic stay.

9. Moreover, the Court is free to fashion a remedy other than vacating the stay, including modifying or conditioning the lifting of the stay on various future events. In the Matter of Global One LLC, 411 B.R. 524, 549 (Bankr. M.D.Ga. 2009; In re The Terraces Subdivision, LLC, 2007 WL 2220448 (Bankr. D.Alaska 2007); In re

<u>Planet 10, L.C.</u>, 213 B.R. 478 (Bankr. E.D.Va. 1997); <u>In re Archway Apartments, Ltd.</u>, 206 B.R. 463, 464-65 (Bankr. M.D.Tenn. 1997).

10. Thus, the Debtor submits that the Court should permit the Debtor to utilize the interest reserve, and continue it efforts to negotiate a plan, and condition the lifting of the stay accordingly.

WHEREFORE, for all of the reasons set forth herein, and in the Debtor's initial opposition to Well Fargo's original motion, that motion, as supplemented, should be denied, together with such other and further relief as is just and proper.

Dated: New York, New York
December 18, 2009

GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP
Attorneys for the Debtor
1501 Broadway, 22nd Floor
New York, New York 10036
(212) 221-5700

By: _____
J. Ted Donovan, Esq.