UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:                                              Case No.: 1-09-46767-dem

CROWN OHIO INVESTMENTS LLC,          Chapter 11

                Debtor.
-------------------------------------------------------x

<u>Appearances</u>:

Thomas J. Schell, Esq.
Bryan Cave, LLP
Attorneys for Creditor Wells Fargo Bank, N.A., as Trustee
1290 Avenue of the Americas
New York, New York, 10104

John C. Leininger, Esq.
Bryan Cave, LLP
Attorneys for Creditor Wells Fargo Bank, N.A., as Trustee
JP Morgan Chase Tower, Suite 3300
2200 Ross Avenue
Dallas, Texas 75201

Kevin J. Nash, Esq.
Goldberg Weprin Finkel Goldstein LLP
Attorneys for Debtor
1501 Broadway
New York, New York, 10036

**DECISION AND ORDER ON MOTION TO VACATE THE AUTOMATIC STAY**

DENNIS E. MILTON
United States Bankruptcy Judge

On August 7, 2009, a principal of Crown Ohio Investments, LLC (the "debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The matter is before the Court on a Motion for Relief From the Stay (the "Motion") and Supplemental Motion of That Certain Trust For Relief From the Automatic Stay (the "Supplemental Motion") of creditor Wells Fargo Bank, N.A. as Trustee for the Registered Holders of LaSalle Commercial

Mortgage Securities, Inc., Commercial Pass-Through Certificates, Series 2005-MF1 ("Wells Fargo").

The Court finds that the debtor is a single asset real estate, subject to Section 362(d)(3)of the Bankruptcy Code, and directs that the Reserve Fund may be used to satisfy all accrued post-petition payments and all future post-petition payments as Code Section 362(d)(3)(B) requires. The Court finds that a monthly payment under Section 362(d)(3)(B) should be in the amount of $9,474.95. The Motion for relief from the automatic stay is granted and will take effect (a) upon the debtor's default on the monthly payments under Section 362(d)(3)(B), unless the debtor files and seeks confirmation of a plan of reorganization or (b) upon the debtor's failure to file on or before April 27, 2010 a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time.

## JURISDICTION

The Court has jurisdiction over this core proceeding under 28 U.S.C. §§ 1334 and 157(b)(2) and the Eastern District of New York standing order of reference dated August 28, 1986. This Decision and Order constitutes the Court's findings of facts and conclusions of law required by Fed. R. Bankr. P. 7052.

## BACKGROUND

The debtor is an owner of a 90-unit multi-family residential apartment complex, located at 17500 Euclid Avenue, Cleveland, Ohio (the "Property"). The debtor purchased the Property in 2007. On December 31, 2007, the debtor entered in an Assumption and Release Agreement with Wells Fargo ("Assumption Agreement"). Pursuant to the Assumption Agreement, the debtor assumed the original loan in the amount of $1,960,000.00, secured by the

Property, and deposited a cash collateral reserve of $70,810.00 (the "Reserve Fund"). Assumption Agreement at ¶ 1 and ¶ 2(k).

On September 21, 2009, forty-five (45) days after the order for relief and a day before the scheduled initial status conference in this case, Wells Fargo filed the Motion for relief from the automatic stay pursuant to Code Sections 362(d)(1) and (2), (e) and (g). Wells Fargo alleged that the debtor failed to provide adequate protection and that the debtor was without a prospect of feasible reorganization because Wells Fargo assessed value of the Property was $900,000.00.

On October 6, 2009, counsel for the debtor filed its Opposition to Motion for Relief From the Automatic Stay ("Opposition to Motion"). The debtor disputed Wells Fargo's assessment of the Property's value. The debtor further argued that Code Section 362(d)(3) provides the debtor with a ninety day period to start with adequate protection payments or to file a plan. The debtor proposed to make debt service payments from the Reserve Fund. Opposition to Motion at p.2 ¶ 3 and p. 3 ¶ 10. The debtor argued that there was equity in the Property and the property was necessary for an effective reorganization.

On October 8, 2009, the Court held a hearing, at which time the debtor renewed its offer to Wells Fargo to utilize the Reserve Fund. However, Wells Fargo determined to proceed with its motion and requested an evidentiary hearing. The Court adjourned the hearing, ultimately to November 24, 2009. On November 11, 2009, Wells Fargo filed an application for a Proposed Order to Shorten the Notice Period with Respect to the Request for Document Production. On November 13, 2009, the Court entered a Decision and Order on the application for expedited discovery.

On November 24, 2009, Wells Fargo submitted the Supplemental Motion. Wells Fargo alleged that the debtor was a single assets real estate which had failed to comply with Code Section 362(d)(3). Wells Fargo stated that the ninety day period for filing a plan had expired and the debtor had failed to extend the 90 day period and to file a plan or to commence monthly payments, as Section 362(d)(3) required.

On December 18, 2009, the debtor filed its Opposition to Supplemental Motion for Relief From the Automatic Stay ("Supplemental Opposition"). The debtor stated that the debtor accumulated more than $25,000 as a debtor in possession, and contended that the Reserve Fund was sufficient to cover the interest due to Wells Fargo pursuant to Section 362(d)(3)(B)(ii). The debtor asserted its prospects for successful reorganization while adequately protecting Wells Fargo's interest. The debtor requested that the Court permit the debtor to utilize the interest reserve, and to condition or modify the stay accordingly.

On December 22, 2009, the Court held a hearing and requested the parties to file supplemental memoranda of law. The Court adjourned the testimonial hearing to January 20, 2010.

On January 7, 2010, the debtor filed a Supplemental Memorandum of Law ("Debtor's Memorandum"), and Wells Fargo filed a Reply to the Debtor's Opposition to Supplemental Motion for Relief From the Automatic Stay ("Wells Fargo's Memorandum"). The debtor argued that the Reserve Fund should be used for servicing the on-going post-petition interest. The debtor proposed that the order on the motion be conditioned on use of the Reserve Fund for the post-petition interest until the Reserve Fund was exhausted or until the debtor filed a plan, while the debtor operated the property and maintained the property so as not to diminish

in value.

Wells Fargo alleged that while the bank had discretion to apply the Reserve Fund as it saw fit upon an event of default, the Reserve Fund was not an interest reserve within the exception of Section 362(d)(3)(B)(i). In the alternative, Wells Fargo argued that even if the Reserve Fund were an interest reserve, the automatic stay prevented the bank from using the Reserve Fund.

The hearing scheduled for January 20, 2010, was adjourned to February 17, 2010. At the February 17, 2010 hearing, Wells Fargo withdrew the portions of the Motion seeking relief from the stay under Sections 362(d)(1) and (2) and requested the Court to grant the Motion based on Section 362(d)(3). The debtor informed the Court of the latest developments and the prospect of formulating and filing a plan. The debtor described its expectation of an increase in the occupancy of the building and an increase of the debtor's income, because it had only recently qualified to rent the apartments to subsidized tenants. The Court granted Wells Fargo's application for withdrawal, took the portion of the Motion seeking relief on the ground of Section 362(d)(3) under advisement and decided as discussed below.

## DISCUSSION

Section 362(d) of the Bankruptcy Code provides that on request of a party in interest and after notice and a hearing, the court shall grant relief from the automatic stay, such as by terminating, annulling, modifying, or conditioning the stay. 11 U.S.C. §362(d). Since Wells Fargo has withdraw those portions of the Motion seeking relief from the automatic stay under Code Section 362(d)(1) and (2), the matter for review before the Court is narrowed to Section 362(d)(3)(B) of the Bankruptcy Code. Subsection 362(d)(3) applies only to a stay of an

act against single asset real estate. In order to obtain relief from the automatic stay under this section, the movant must establish that the debtor: (a) is a single asset real estate; (b) which failed to commence monthly payments during the time determined pursuant to Subsection 362(d)(3)(B)(i); (c) in an amount determined pursuant to Subsection 362(d)(3)(B)(ii). Id.

### Single Assets Real Estate

The term "single asset real estate" is defined in Section 101(51B) of the Bankruptcy Code. Section 101(51B) provides in pertinent part:

> The term "single asset real estate" means real property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor... and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental.

11 U.S.C. § 101(51B). In this case, the debtor generates substantially all of the gross income from the Property. Furthermore, in its petition, the debtor selected the status of a single asset real estate. Pursuant to Section 362(d)(3), the Court determines that the debtor is a single asset real estate and that Section 362(d)(3) applies to the debtor.

### Commencement of Payments

Section 362(d)(3) provides in substance that a secured creditor shall obtain relief from the automatic stay with respect to a single asset real estate unless not later than the 90th day after the petition date or 30 days after the Court has determined the debtor is subject to Section 362(d)(3)(B), the debtor has filed a plan of reorganization reasonably likely to be confirmed or commenced making monthly payments.[1]  The Court has discretion to determine whether the

---

[1] The legislative history of Section 362(d)(3) reflects that one of the goals of Section 362(d)(3) was to expedite the proposal of a plan of reorganization. In re Hope Plantation Group, LLC., 393 B.R. 98, 101 (Bankr. D.S.C. 2007) ["...and that, where the case does not early kick forward toward confirmation, a debtor must

debtor complied with Section 362(d)(3) and to determine the extent of the relief sought. In re Hope Plantation Group, LLC., 393 B.R. at 104; Determination of the debtor's compliance with Section 362(d)(3)(B) depends on whether the debtor communicated with the creditor and proffered a payment. In re Heather Apartments Limited Partnership, 366 B.R. 45, 50 (Bankr.D.Minn. 2007) ["...any proffer of cause for excusing a debtor's compliance must include a concrete substitute for the creditor's statutorily-fixed expectation o f payment, if the debtor is to be excused." so the court should "...feel assured that the protected mortgagee would receive a substantial equivalent of its expectancy under Section 362(d)(3)... "]; In re Kaplan Breslaw Ash, LLC, 264 B.R. 309, 333 (Bankr.S.D.N.Y., 2001) [The court found that the debtor failed to comply with Section 362(d)(3) because the debtor failed to "... make any post-petition payments, or to proffer them."]; But see also In re 652 West 160th LLC, 330 B.R. 455, 462 (Bankr.S.D.N.Y., 2005).

        In this case, within the first 90 days from the petition date, the debtor offered to use the Reserve Fund in order to comply with Section 362(d). Wells Fargo refused to accept the debtor's offer. Wells Fargo argued that, while for the purposes of utilizing the Reserve Fund, the Reserve Fund was a cash collateral reserve, nonetheless it could be utilized absent a court approval. Wells Fargo's Memorandum ¶5. Wells Fargo further stated that the Reserve Fund was not a cash collateral reserve, created pursuant to Section 362(d)(3)(B)(i), and the exception of 363(c)(2) may not be applied. Id. However, the parties concur that the Reserve Fund was established pursuant to the Assumption Agreement. Assumption Agreement at ¶ 2(k). Based on the submitted documents and the hearings, the Court finds that the debtor proffered satisfaction

---

compensate its mortgagee for the time-value of the mortgagee's debt investment[,]..."].

of payments in compliance with the requirements of Section 362(d)(3)(B), although the debtor's tender was not accepted.

With regard to the source for the payment, the language of Section 362(d)(3)(B)(i) of the Bankruptcy Code is not exclusive. That Section provides that the payments "[m]ay ... be made from rents or other income...". The language is descriptive and covers a wide area of financial sources and does not exclude any particular source. In re Heather Apartments Limited Partnership, 366 B.R. at 50, ["If a debtor is to be excused from having to surrender that cash right away, it must demonstrate a very substantial likelihood that the creditor would receive an equivalent value from another source, quickly enough to minimize its risks of recovering the time value of money"].

Section 362(d)(3)(B) excludes the application of Section 363(c)(2) when the cash collateral is utilized only for payments under Section 362(d)(3)(B). Section 363(a)[2] of the Bankruptcy Code provides the definition of a cash collateral that is excluded from the application of Section 363(c)(2) under Section 362(d)(3)(B). Therefore, based on Section 363(a), the Court finds that the Reserve Fund is a cash collateral, that can be used by the debtor and utilized for the purpose of Section 362(d)(3)(B), subject to exclusion of Section 363(c)(2).

## Determination of the Payments

The application of Section 362(d)(3)(B)(ii) requires determination of the

---

[2] 11 U.S.C. §363 in pertinent part states:
"(a) In this section, "cash collateral" means cash, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents whenever acquired in which the estate and an entity other than the estate have an interest and includes the proceeds, products, offspring, rents, or profits of property and the fees, charges, accounts or other payments for the use or occupancy of rooms and other public facilities in hotels, motels, or other lodging properties subject to a security interest as provided in section 552(b) of this title, whether existing before or after the commencement of a case under this title."

payments based on two variables. 11 U.S.C. §362(d)(3)(B)(ii). The first variable is the interest rate of the then applicable non-default contract rate of interest. The second variable is the value of the creditor's interest in the real estate based on the value of the real estate. In re Abdulla, 2009 WL 348365, FN2 (Bankr.D.Mass. 2009). The determination of these two variables constitutes the amount of the debtor's monthly payments.

Here, the Court does not need to calculate either the interest rate of the applicable non-default contract rate of interest or the value of Wells Fargo's interest in the Property, because the parties concur that the monthly interest payment pursuant to Section 362(d)(3)(B)(ii) should be $9,474.95. Supplemental Motion ¶11. Debtor's Opposition ¶3;

### Modification of the Automatic Stay or Conditioning the Relief from the Stay

Section 362(d) empowers bankruptcy courts not only to terminate or annul the automatic stay, but also to modify and condition the automatic stay. 11 U.S.C. §362(d). Eastern Refractories Co. v. Forty Eight Insulations, 157 F.3d 169, 172 (2d Cir. 1998) ["Bankruptcy courts have the plastic powers to modify or condition an automatic stay so as to fashion the appropriate scope of relief."]; In re Shared Technologies Cellular Inc., 293 B.R. 89, 93 (D.Conn., 2003); In re Planet 10, L.C., 213 B.R. 478 (Bankr. E.D.Va. 1997) ["Under Section 362(d)(3), the unconditional lifting of the stay is not mandatory"].

Bankruptcy courts have modified the stay or conditioned the lifting of the automatic stay in an effort to grant the appropriate relief or to adjust the application of the relief in the case. In the East-West Associates (Carteret Savings Bank, F.A. v. Nastasi-White, Inc.), 106 B.R. 767, 772 (S.D.N.Y. 1989) [The court conditioned the automatic stay on the payment of a lump sum followed by monthly payments.]; In re Matter of Global One LLC, 411 B.R. 524

(Bankr. M.D.GA. 2009); In re View West Condominium Association, Inc., 2008 WL 6742576, 2 (Bankr. S.D.Fla. 2008). In re The Terraces Subdivision, LLC, 2007 WL 2220448 (Bankr. D.Alaska 2007) [The court conditioned the stay upon confirmation of a plan and failure to do so would result in termination of the stay without any further action.]; In re Archway Apartments, Ltd., 206 B.R. 463 (Bankr. M.D.Tenn. 1997) [The court conditioned the stay upon a drop dead date for the confirmation of a plan providing that a failure to confirm a plan would result in termination of the stay without further action required.]; In re Planet 10, L.C., 213 B.R. 478.

In this case, the debtor proposed that the Court should condition the order on the Motion to allow an application of the Reserve Fund, until the Reserve Fund is exhausted, and if the debtor fails to file and seek confirmation of a plan. Debtor's Memorandum at p.4. The debtor argued that its qualification to rent the apartments to subsidized tenants would result in an increase of the debtor's income and the debtor indicated a prospect of filing a plan. In applying the law and to fashion appropriate scope of the relief, the Court has an authority to condition the stay. Eastern Refractories Co. v. Forty Eight Insulations, 157 F.3d at 172.  Therefore, the Court grants the Motion to the extent set forth immediately below.  The automatic stay shall be lifted and the termination of the automatic stay will take effect (a) upon the debtor's default on the monthly payments under Section 362(d)(3)(B), unless the debtor files and seeks confirmation of a plan of reorganization or (b) upon the debtor's failure to file on or before April 27, 2010 a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time.

## CONCLUSION

The Court finds that the debtor is a single asset real estate, subject to Code Section 362(d)(3), and directs that the Reserve Fund may be used to satisfy all accrued post-

petition payments and all future post-petition payments as Code Section 362(d)(3)(B) requires. The Court finds that a monthly payment under Section 362(d)(3)(B) should be in the amount of $9,474.95. The Motion for relief from the automatic stay is granted and will take effect (a) upon the debtor's default on the monthly payments under Section 362(d)(3)(B), unless the debtor files and seeks confirmation of a plan of reorganization or (b) upon the debtor's failure to file on or before April 27, 2010 a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time.

        IT IS SO ORDERED.

Dated: Brooklyn, New York
      March 12, 2010

                                      s/ Dennis E. Milton
                                        DENNIS E. MILTON
                                  United States Bankruptcy Judge

To:    Thomas J. Schell, Esq.
       Bryan Cave, LLP
       Attorneys for Creditor Wells Fargo Bank, N.A., as Trustee
       1290 Avenue of the Americas
       New York, New York, 10104

       John C. Leininger, Esq.
       Bryan Cave, LLP
       Attorneys for Creditor Wells Fargo Bank, N.A., as Trustee
       JP Morgan Chase Tower, Suite 3300
       2200 Ross Avenue
       Dallas, Texas 75201


       Kevin J. Nash, Esq.
       Goldberg Weprin Finkel Goldstein LLP
       Attorneys for Debtor
       1501 Broadway
       New York, New York, 10036

Valerie Millman, Esq.
Office of the United States Trustee
271 Cadman Plaza East, Suite 4529
Brooklyn, New York, 11201